UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT INC.,

        Plaintiff,

v.                                          Case No. 16-C-338

CIMOLAI TECHNOLOGY SpA,
IDEYA, LLC, and FABRIZIO ALFIER,

        Defendants.

**ORDER GRANTING MOTION FOR EXTENSION OF TIME AND
DENYING MOTION FOR DEFAULT AND DEFAULT JUDGMENT**

On May 11, 2016, Defendants Ideya, LLC and Fabrizio Alfier filed a motion for an extension of time to answer, move or otherwise response to Plaintiff's patent infringement complaint. Plaintiff and Defendant Cimolai Technology S.p.A., an Italian corporation, are competitors in the mobile marine and industrial lifting equipment markets, and Ideya and Alfier act as Cimolai's sales agents in the United States.

Ideya and Alfier requested an approximately one-month extension of time, from May 11, 2016 to June 13, 2016, and in the alternative, an extension of the deadline to conform to the deadline for Cimolai's initial pleading following service on it through the Hague Service Convention. In the motion Ideya and Alfier acknowledged Ideya's answer was due May 11, 2016, but because the initial attempt at service on Alfier was defective (Alfier supposedly did not receive a summons with the complaint) Defendants claim Alfier's answer was due May 21, 2016. ECF No. 8, ¶¶ 1-2.

The following day, May 12, 2016, Plaintiff promptly responded to the motion for an extension of time to answer first with a motion for entry of default and motion for default judgment

against Ideya and Alfier. Plaintiff denies Alfier did not receive a summons and requests the Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) and a court order granting default judgment against Ideya and Alfier pursuant to Rule 55(b). Regarding Ideya and Alfier's pending motion for an extension of time, Plaintiff states "they merely moved for an extension of time to answer and filed a disclosure statement, which neither of [sic] prevent entry of default," Br. at 4, ECF No. 11. Plaintiff cites *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1314 (10th Cir. 1994) for this proposition, but that case is not relevant. In any event, Plaintiff also noted it would respond to the extension request in a separate filing. Br. at 4 n.1. Plaintiff also filed a status report May 13, 2016 stating that Cimolai was properly served pursuant to the Hague Convention and Rule 4 on May 12, 2016. ECF No. 13. Cimolai's answer would be due June 2, 2016.

On June 1, 2016, Plaintiff responded to the motion for an extension of time with its brief in opposition, arguing there is no good cause for granting Ideya and Alfier's extension. Specifically, Plaintiff argues the deliberate decision not to file an answer, and instead to move for an extension of time, is a litigation strategy that cannot serve as good cause for an extension.

The next day, June 2, 2016, all three defendants answered the complaint. ECF Nos. 18-20. On June 6, 2016, Defendants filed a response to Plaintiff's motion for default and default judgment. Defendants argue Plaintiff has not been prejudiced in any way given that all defendants responded by the deadline for Cimolai's answer. Defendants also note Ideya and Alfier acted in good faith by seeking Plaintiff's agreement to a routine extension of the deadline and only moving for the extension when the extension request was refused. Br. in Opp. at 4, ECF No. 24.

The motion for an extension of time will be granted. Where a request for an extension of time is made on or before a deadline, the court may extend such deadline for good cause and without the need to find excusable neglect on behalf of the party who has requested more time. Fed. R. Civ.

2

P. 6(b). Such extensions should be liberally granted absent a showing of bad faith on the part of the movant or undue prejudice to other parties in the action. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010); 4B Wright, Miller & Kane, Fed. Prac. & Proc.: Civil 3d § 1165 (1998). The very fact that defendants Ideya and Alfier filed a motion for an extension of time shows they were acting in good faith and attempting to comply with the rules. And obviously, there is no prejudice to the plaintiff, since it had not even completed service on the remaining defendant. Indeed, it is the rare case where a request for a short extension of time to answer or otherwise respond to a complaint is even opposed, especially in a multi-party case where other parties have not yet even been served. Moreover, because the Seventh Circuit favors rulings on the merits over default judgments, and because Cimolai has timely answered the complaint and Plaintiff's claims against all defendants are based on common allegations relating to a single group of products, the Court would not grant default judgment against Ideya and Alfier in any event. *See VHC, Inc. v. University of Wisconsin Hosp. and Clinics*, No. 13-C-92, 2013 WL 4027495, at *1-2 (E.D. Wis. Aug. 7, 2013) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)); 10A Wright, Miller & Kane, Fed. Prac. & Proc.: Civil 3d § 2690 (1998).

Defendants' motion (ECF No. 8) is **GRANTED** and Plaintiff's motion (ECF No. 10) is **DENIED**.

**SO ORDERED** this   7th   day of June, 2016.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
